H. E. MILLER, APPELLANT, v. J. S. RAMSEY, RESPONDENT.—136 S. W. (2d) 138.

Kansas City Court of Appeals. January 29, 1940.

*I. Frank Rope* and *E. Robert Klein* for appellant.

*Leo B. McShane* and *Roy W. Rucker* for respondent.

No brief.

SHAIN, P. J.—This is an action on a promissory note. The note in question was signed by defendant under date of July 28, 1937, and was for $152.20, payable to the Redfield Motor Company, due and payable October 28, 1937. The note has provisions as follows:

"If any installment of this note be not paid when due, then all installments hereof shall immediately become due at the option of the legal holder hereof without notice or demand, and the undersigned hereby agrees to pay all expenses of collection including reasonable attorney's fee. All the parties to this note, including sureties, endorsers, and guarantors, hereby severally waive presentment for payment, notice of non-payment, protest, notice of protest, and diligence in bringing suit against any party hereto, and all endorsers and guarantors hereon hereby consent that time of payment may be extended from time to time after maturity without notice to them.

"This note is a purchase money note and is secured by a Chattel Mortgage executed by the maker of this note on the date hereof.

"J. S. Ramsey,
" (Mortgagor-Purchaser.)

On the reverse side of the note, the following appears:

"Without Recourse pay to the order of NATIONAL BOND & INVESTMENT COMPANY, Chicago, Illinois.

The foregoing endorsement has the following written across it:

" 'ENDORSEMENT CANCELLED THIS 14TH DAY OF DECEMBER, 1937.' "

Then appears the following:

" 'WITHOUT RECOURSE PAY TO THE ORDER OF H. E. MILLER, REDFIELD MOTORS. DEAN A. REDFIELD.' "

Plaintiff in his petition alleges as follows:

"That before maturity of said note the Redfield Motor Company negotiated and sold said note for value to this plaintiff, whereby plaintiff became the owner of said note and entitled to payment of the amount therein set out, said note is filed herewith, marked plaintiff's Exhibit 'A' and withdrawn by leave of court."

Defendant makes answer as follows:

"Comes now defendant, J. S. Ramsey and for his amended answer denies each and every allegation contained in the petition of the plaintiff.

"Defendant further states that any obligation held or procured by the plaintiff from the defendant was obtained by deceit and fraud and other unlawful means.

"Defendant further states that the plaintiff herein is not a holder in due course and without knowledge.

"Defendant further states that the instrument sued upon has been materially altered and the same was filed in without his knowledge or consent.

"Defendant further states that the said note is void for want of consideration.

"Defendant further answering states that the title of the automobile upon which this note was secured by a chattel mortgage, has never been delivered to him or is the title of said car in his name.

"Defendant further states that if there was any obligation on account of said note, that he has a discharge from the party to whom the note was originally payable, discharging him from the obligation."

Trial was before jury. At the close of the plaintiff's evidence, the Court gave an instruction directing a verdict for defendant. At said time plaintiff took an involuntary non-suit with leave to set aside. Thereafter, the Court discharged the jury and entered judgment for defendant. Thereafter, defendant filed motion to set aside involuntary non-suit. Said motion was taken up and overruled and in due time plaintiff perfected his appeal.

### OPINION.

The solution of the question presented rests upon the issue as to whether or not it was error, under the pleadings and facts and circumstances in evidence, for the court to give a directed verdict for defendant.

The record in this case is illustrative of conditions recorded as existing at a very early period in the history of Babylon, wherein the project in hand was stopped by a confusion of tongues. However, confusion occurring in the case at bar is occasioned by act of counsel, rather than act of God.

In the examination of the plaintiff as a witness, the following proceedings are shown, to-wit:                ,

"Q. Will you please state your name? A. My name is H. E. Miller; Hubert E. Miller.

"Q. And where do you live? A. 1219 North Spring, Independence, Missouri.

"Q. What is your employment, Mr. Miller? A. Salesman for the Redfield Motor Company, Independence, Missouri.

"Q. How long have you been a salesman there? A. Approximately a year and a half with about three months out. I put in a little over eleven years with Hilliard Motor Company.

"Q. You are acquainted with the defendant in this case? A. Yes.

"Q. With particular reference to the month of July, 1937, did you have any dealings with the defendant? A. Yes; I sold him a new Imperial Chrysler."

(Reporter here identified a document as Exhibit 1.)

"Q. (By Mr. Klein) Will you identify that, please? A. Yes, sir.

"Q. What is that? A. That is a note for $152.20.

"The Court: A little louder, please.

"A. That is a note for $152.20, given to me by Mr. J. S. Ramsey.

"Mr. Klein: Do you want to examine it, Mr. Rucker?

"A. (Continuing) That is, to the Redfield Motors.

"A. (By the Court) How was that, Mr. Miller?

"A. Given to Redfield Motors for $152.20.

"Mr. Rucker: Now, are you offering this in evidence?

"Mr. Klein: I am.

"Mr. Rucker: You mean for the purpose of determining whether I want to object to it or not?

"Mr. Klein: Yes.

"Mr. Rucker: Well I do object to it for the reason that the petition here alleges that he acquired the note for value before maturity without notice. The note on its face show that it matured on the twenty-eighth day of October, 1937, and the endorsement shows the fourteenth day of December, 1937, so it was not acquired before maturity.

"Mr. Klein: I would like to make an offer of proof, Your Honor.

"The Court: Well, wait a minute. The objection will be sustained."

To which ruling and action of the court, the plaintiff at the time duly exececpted and still excepts.

"The Court: Now, you may make your offer.

"Mr. Klein: I would like to make an offer of proof that the plaintiff in this case, Mr. Miller, purchased this note on July 28, 1937, the same day that it was made. There was an error committed; the error was that this note, and I can so prove, was made on a form provided—

"The Court: Well, now, wait a minute. If you can prove it, go ahead and prove it.

"Mr. Rucker: Now, wait a minute before you let him prove it.

"The Court: Well, I say he is offering to prove.

"Mr. Rucker: Well, I want to make an objection to the offer.

"The Court: Well, sure.

"Mr. Rucker: All right.

"The Court: Now, you are prepared to prove—don't put in your offer, because I have already sustained the objection to the offer that you heretofore made."

To which ruling the action of the court the plaintiff at the time duly excepted and still excepts.

"Mr. Klein: All right. I will proceed with the witness.

"Q. (By Mr. Klein) Mr. Miller, when did you buy this note?

"Mr. Rucker: Now, wait a minute. I object to that for this reason: I read from the plaintiff's petition, 'Plaintiff for his cause of

action states that the defendant, on the twenty-eighth day of July, 1937, by his negotiable promissory note of that day by him executed at Kansas City, Missouri, promised for value received, to pay to the Redfield Motor Company, the sum of $152.20,' with interest, et cetera, that before maturity of said note the Redfield Motor Company negotiated and sold said note for value to this plaintiff, whereby plaintiff became the owner of said note and entitled et cetera.

"THE COURT: What was the date of maturity?

"MR. RUCKER: The date of maturity was October 28, 1937, and it shows he did not acquire title to it until the fourteenth day of December, 1937.

"MR. KLEIN: That is the thing I want to clear up, because Mr. Miller here can prove what he paid for it and when he got it.

"THE COURT: The question is, what facts can you sustain before that?

"MR. RUCKER: Now, one other matter; this note shows on its face that it was endorsed without recourse to the National Bond & Investment Company of Chicago, Illinois, and that it was recorded, and I desire to offer in connection with my objection—"

(Reporter here identified a document as Exhibit 2.)

"MR. RUCKER: (Continuing) Exhibit No. 2, which is headed, 'Missouri Chattel Mortgage,' and which describes the note in question and shows it as having been recorded on the twentieth day of August, 1937. I offer that in connection with my objection to the Court.

"MR. KLEIN: Now, if Your Honor please, in my opinion the objection of defendant's counsel is not well taken, for this reason; we do not allege ourselves to be holders in due course. We do not maintain that position. I would like to proceed to question the witness to show at what time and when he purchased this note. He cannot be the holder in due course, and we admit that, because he was a party to the transaction and would have full knowledge of all the transactions, but he is the lawful holder of this note and was the lawful holder of this note on the date when it was executed. The objection of the defendant there was a note and mortgage and all that has nothing to do with the introduction of this note and with the proof of its still being due and unpaid.

"MR. RUCKER: Have you finished, Mr. Klein? My objection goes to this, if Your Honor please; he has pleaded one cause of action and is attempting to recover on another, and I am objecting for the reason that he cannot, under his pleadings, recover on the theory which he now advances.

"MR. KLEIN: Now, I don't believe that objection is well taken, Your Honor, because we are proceeding on the theory that the defendant is the holder of this note.

"MR. RUCKER: In due course, you said, before maturity.

"MR. KLEIN: And if he is not a holder in due course, it makes no difference. It cannot defeat the note.

"THE COURT: I will sustain the objection. I think the objection is good."

To which ruling and action of the court, the plaintiff at the time duly excepted and still excepts.

"MR. KLEIN: Well, if your Honor please, I just dislike to differ with the Court.

"THE COURT: Well, I have already ruled, Mr. Klein. You may proceed, if you have anything further to add.

"MR. KLEIN: In other words, you mean if I cannot prove myself—

"THE COURT: I don't mean anything except I sustained the objection.

"MR. KLEIN: You will pardon me, Your Honor, I would like to ask this.

"THE COURT: I am not going to be interrogated. Now, proceed with your case.

"MR. KLEIN: I admit that I cannot prove the plaintiff to be a holder in due course.

"MR. RUCKER: You are out, because you plead it.

"THE COURT: Have you anything further to offer?

"MR. KLEIN: I believe that under the law in this State, Your Honor, that even though we don't prove ourselves—

"THE COURT: Any more testimony.

"MR. KLEIN: Well, under your objection, I cannot proceed.

"THE COURT: Very well. What do you want to do?

"MR. KLEIN: I would like to take an involuntary nonsuit with leave to move to set the same aside.

"THE COURT: You have no instructions, have you, Mr. Rucker?"

There is further record of same tenor and effect as above that we need not set forth herein.

After making ruling, as shown above and others of the same purport, the Court announced to plaintiff's counsel, "Now if you desire to make an offer, proceed to do so."

While what proceeds would indicate that which follows is but an offer, still the record shows proceedings of continuation of examination of plaintiff as a witness and cross-examination on the part of defendant's counsel. The whole proceeding is interspersed with objections, remarks of counsel and rulings and comments by the court.

Gleaned from the whole record before us, we conclude, that when the examination and cross-examination of the plaintiff was concluded, that plaintiff had given evidence to the effect that the defendant and his wife had made a deal with plaintiff (as agent for Redfield Motor Company) whereby plaintiff and his wife traded in one car owned by plaintiff and one car owned by his wife, and that the note in question

was given as a balance due upon a new car that was delivered to them. This not, it appears, was signed by defendant lone.

It also appears that the motor company officers made out all papers covering the deal and that a title was made out to the new car in the name of the wife. The plaintiff testified that he only knew that the title was delivered, but did not know the name inserted.

Plaintiff testifies that on the same day the note was given, he purchased same. In substantiation, plaintiff produced check of same date which he testifies was given as purchase price of the note.

We conclude that the above testimony, and the fact of plaintiff's possession of the note, is, at least, testimony entitling plaintiff to have the question of purchaser in due course submitted to the jury, anything stated by plaintiff's attorney to the contrary notwithstanding.

The record discloses that defendant's counsel laid much stress upon the fact of the cancelled endorsement of the note to National Bond & Investment Company. The plaintiff made repeated attempts to explain that the name "National Bond & Investment Company" appeared on the note by reason of a mistake. However, under the rulings of the court and interruptions of counsel for defense, plaintiff was not permitted to make a full explanation. However, there is showing of record tending to indicate that a mistake occurred by reason of blanks used. It can be reasonably inferred from the showing made that the date of December 14, 1937, was the date the cancellation of the entry was made, and not the date that plaintiff purchased the note. We conclude that the showing of record on this point does not justify a directed verdict for defendant.

Defendant, although he files no brief in this court, is shown by the record to have urged before the court that the note was void for non-compliance with the statute regarding delivery of title.

The record disclosing, as it does, that defendant and wife traded in their old cars for a new one, that title to new car was made out to the wife, husband alone signing the note, and no objections on part of defendant shown, does not create a situation for the application of the law urged by defendant in the trial.

We reach our conclusions in this case on the facts and from Horn Book Law. As to whether or not the defendant has any lawful or equitable defense cannot be answered by us from any showing of the record herein. Defendant is not required to file a brief, nor has he filed a brief. Solemn obligations should not be avoided upon meaningless technical objections based upon confusion.

Judgment reversed and cause remanded. *Kemp, J.*, concurs; *Bland, J.*, concurs in result.